### 7350.  ROYALS *v.* THE STATE.

RUSSELL, C. J.  1.  The evidence in behalf of the prosecution would have authorized the conviction of the accused of the offense of murder, and the testimony in his behalf, if credited by the jury, would have required an acquittal. The case is one in which no middle ground is presented. It was therefore error to give in charge to the jury the law of voluntary manslaughter, and the verdict finding the accused guilty of that offense was unwarranted.

2. The court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, J., dissents.*
DECIDED APRIL 21, 1916.

Indictment for murder—conviction of manslaughter; from Miller superior court—Judge Worrill.  March 1, 1916.

*W. I. Geer,* for plaintiff in error.

*B. T. Castellow, solicitor-general, R. R. Arnold,* contra.

BROYLES, J., dissenting.  There was evidence showing that the deceased, while driving in a buggy with his wife, was stopped by the defendant and his father-in-law, and was shot and killed by the latter. In my opinion, there was some evidence tending to show a mutual intent to fight at the time of the homicide, by the deceased on the one side and the defendant and his father-in-law on the other, and consequently the court did not err in charging the law of manslaughter. I think the judgment should be affirmed.

---

### 6716.  ROSENBUSCH *v.* WILKINSON.

BROYLES, J.  1.  The court did not err in overruling the demurrer to the amended answer.

2. In the state of the record, no material error of law is shown. There was evidence to authorize the verdict, and the court did not err in overruling the motion for a new trial.          *Judgment affirmed.*

DECIDED APRIL 24, 1916.

Complaint; from municipal court of Atlanta.  June 6, 1915.

*Gober & Jackson,* for plaintiff in error.